IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBORAH L. CLINE,**

    **Plaintiff,**

  vs.                                                      **Civil Action 2:10-CV-794**
                                                                **Judge Marbley**
                                                                 **Magistrate Judge**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

Plaintiff seeks review of the denial by the Commissioner of Social Security of her applications for disability insurance benefits and supplemental security income. On August 15, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 19. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation*. *Objections,* Doc. No. 20. The Court will consider the matter *de novo.* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

Plaintiff was found to be disabled as of July 1998 because of Crohn's disease. Benefits were later terminated based on a finding of improvement and plaintiff did not, apparently, appeal that decision. *See* A.R. 16, 457. In her current application, plaintiff argued that she is disabled by reason of her Crohn's disease and by deep vein thrombosis and pancreatitis. However, the medical expert, Paul A. Boyce, M.D., testified that plaintiff's only severe impairment is her Crohn's disease, *A.R.* 478, but that the condition does not meet or equal Listing 5.07. *Id*. Taking into account plaintiff's

associated pain and fatigue, the medical expert also opined that plaintiff would be limited to light exertion that does not expose her to outdoor elements and the sun. *Id.* She should not work around cutting tools because of her anti-coagulant medication. *A.R.* 487. Asked if plaintiff could "maintain regular work," *A.R.* 484, and "maintain regular work day hours a week [sic]," *A.R.* 484-85, the medical expert testified in the affirmative. *A.R.* 485.

The administrative law judge adopted the residual functional capacity assessment of the medical expert. In doing so, the administrative law judge also considered plaintiff's subjective complaints, but found them not fully credible. *A.R.* 22. Relying on the testimony of the vocational expert, the administrative law judge found that, despite plaintiff's severe impairment, she can nevertheless perform jobs that exist in significant numbers in the national economy. The administrative law judge therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act.

In her *Objections*, plaintiff appears to focus primarily on the credibility findings of the administrative law judge. In particular, plaintiff challenges the finding that her episodic pain and diarrhea occurred less frequently than alleged by her:

> There was never a finding or medical testimony that the episodes of pain and diarrhea did not exist. Thus plaintiff alleges that the ALJ found the plaintiff capable of work by finding her not credible without supporting explanation or relevant evidence as it pertains to this particular issue.

*Objections,* p.2. To the contrary, the administrative law judge considered all the medical evidence in the record, as well as plaintiff's subjective complaints, in concluding that those complaints were not fully credible:

> The longitudinal record shows no medical basis for the limited activities attested to by the claimant. According to the medical record, the claimant has episodic pain, if any, and other than hospital admissions there is no record of interim physician's appointments. The claimants' medications are helpful in controlling her symptoms, and she was complaining of diarrhea over the past two weeks in

> January 2007, only after she ran out of Imuran. By January 16, 2007, she reported feeling better after restarting medication. A CT scan of the abdomen of June 25, 2007 showed no evidence of free air or inflammatory changes. She was complaining of right lower quadrant abdominal pain, but stated she had recent normal bowel function. Upper gastrointestinal endoscopy with biopsies of the anastomosis, transverse colon, and sigmoid colon obtained on August 9, 2007, were interpreted as showing mild chronic inflammation and vascular congestion, but no acute activity was identified. On August 29, 2007, the claimant was reported to be doing well with no abdominal tenderness. Dr. Boyce, the impartial medical expert, testified that the medical record did not support the alleged severity/frequency of claimant's diarrhea and DVT symptoms.  The evidence of record does not support the alleged inability to engage in sustained activities or her need to lie down an inordinate amount of time during the day. Neither Dr. Carmen nor Dr. Cawley [plaintiff's treating medical providers] has concluded that claimant is totally and permanently disabled.

*A.R.* 22. Where, as here, an administrative law judge's credibility determination is explained and enjoys substantial support in the record, a court lacks authority to reverse that determination. *See Beavers v. Sec'y of Health and Human Servs.*, 577 F.2d 383, 386-87 (6th Cir. 1978). Moreover, because the hypothetical posed to the vocational expert incorporated this credibility finding, the administrative law judge did not err in relying on the testimony of the vocational expert. *See Jones v. Commissioner of Social Security,* 336 F.3d 469, 475-76 (6th Cir. 2003)(the administrative law judge may properly pose to the vocational expert a hypothetical reflective of the administrative law judge's credibility determinations).

Plaintiff also contends that the administrative law judge erred in relying on the testimony of the medical expert, who testified that plaintiff could "maintain regular work," *A.R.* 484, because that opinion was a vocational opinion that fell outside the expert's area of expertise. The court disagrees with this characterization of the medical expert's opinion. In testifying that plaintiff could work a regular "day hours a week," *A.R.* 484-85 [sic], the medical expert expressly addressed plaintiff's testimony regarding her need to frequently use the bathroom: "I, I just did not see in the record this

3

history of chronic diarrhea of the nature that was described . . . ." *A.R.* 485. Rather than rendering a vocational opinion, the medical expert was in fact assessing the objective medical evidence of record and the administrative law judge did not err in relying on that assessment.

In short, having carefully reviewed the record in this action, the Court concludes that plaintiff's *Objections* are without merit and they are therefore **DENIED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**. The decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

                                         s/Algenon L. Marbley
                                           Algenon L. Marbley
                                       United States District Judge